**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50429
(Summary Calendar)

CHERYL PRUITT, Individually
and as Next Friend of Tiffany Kacal,
A Minor,

Plaintiff-Appellant,

versus

WACO INDEPENDENT SCHOOL DISTRICT;
WILLIAM AUFMAN; WILLIAM G. GAMBLE,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-404

January 29, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cheryl Pruitt ("Pruitt") appeals from the district court's order dismissing her claims made pursuant to 42 U.S.C. §1983 for failure to state a claim upon which relief can be granted. Pruitt alleges that she had a property interest, established by the Waco Independent School District's ("WISD's") official policies and her interactions with school administrators, in preventing school

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officials from administering corporal punishment to her daughter, Tiffany Kacal ("Kacal").[1] She argues that based on this property interest, the administration of corporal punishment to Kacal without first notifying Pruitt was a violation of due process. Pruitt further suggests that the administration of one "lick" with a wooden paddle wrapped in duct tape by school authorities was a violation of Kacal's right to substantive due process and that her daughter should be protected under the Eighth Amendment.

We review de novo the district court's dismissal of a claim under Rule 12(b)(6), accepting all well-pleaded facts as true and viewed most favorably to the plaintiffs. Rolf v. City of San Antonio, 77 F.3d 823, 827 (5th Cir. 1996); Fee v. Herndon, 900 F.2d 804, 807 (5th Cir. 1990). Dismissal is proper only if it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of the claims that would entitle her to relief. Rolf, 77 F.3d at 827. We are unconvinced by Pruitt's argument that her right to procedural due process was violated. She cites no cases in which a school policy has been construed to create a property interest which implicates the Due Process Clause. We further find that Pruitt's pleadings were not sufficient to support her claim that Kacal's right to substantive due process was violated by the punishment. Pruitt's argument regarding this claim is precluded by the precedent of this circuit. In Fee, we held that injuries sustained incidentally to corporal punishment—irrespective of their severity or the sensitivity of the student—do not implicate the due process clause if the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions. Fee, 900 F.2d at 808. In

---

[1]Specifically, Pruitt points to WISD's policy which indicates that administrators "shall honor" parent requests not to administer corporal punishment and the WISD disciplinary action manual which does not prescribe corporal punishment as a suitable disciplinary measure for *any* offense committed by a schoolchild.

such instances, the state provides all the process constitutionally due.  Texas provides post-punishment civil and criminal remedies which meet the due process requirements articuated in Fee.  Finally, we address Pruitt's argument that the Eighth Amendment should apply in the public school context.  Pruitt concedes that absent a reversal of the Supreme Court's holding in Ingraham v. Wright, 430 U.S. 651 (1977), her argument is futile.  In Ingraham, the Court clearly declined to extend Eighth Amendment protection to schoolchildren, finding that the criminal and the schoolchild stand in wholly different circumstances.  Id. at 669.  Pruitt does not explain how or why the Ingraham decision should be reexamined and thus, her Eighth Amendment argument is also unavailing.

As the plaintiff can prove no set of facts that would entitle them to relief, we AFFIRM for the foregoing reasons as well as those stated by the district court in its order of dismissal.  Pruitt v. Waco Indep. Sch. Dist, No. W-96-CV-404 (W.D. Tex. Apr. 30, 1997).

AFFIRMED.